Warren E. Platt (#154086)
wplatt@swlaw.com
Robert J. Gibson (#144974)
hgibson@swlaw.com
Alina Amarkarian (#245470)
aamarkarian@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
714.427.7000
714.427.7799, fax

Attorneys for Defendant
FORD MOTOR COMPANY

FILED

10 SEP 23 PM 3:47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ____________

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THOMAS WISE, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10,

Defendant.

CASE NO.: CV10 7127 R (MANx)

**FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**

DATE OF REMOVAL: September 23, 2010
TRIAL DATE: None

1. Pursuant to 28 U.S.C. §§ 1332(d) and 1446, Defendant Ford Motor Company ("Ford") hereby removes this putative class action—Case No. BC444288 in Superior Court for Los Angeles County, California—to the United States District Court for the Central District of California. As grounds for removal, Ford states:

2. On or about August 23, 2010, Plaintiff Thomas Wise ("Plaintiff") filed a putative class action complaint ("Comp.") in the Superior Court of the State of California, Los Angeles County, against Defendant Ford titled "*Thomas Wise, on behalf of and all others similarly situated. v. Ford Motor Company, and Does 1 through 10*," Docket No. BC444288.



Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

3. Service of the Complaint was effectuated on Ford on Sept. 7, 2010. No other pleadings, process, or orders have been served on Ford in the state action. A copy of the pleading and process served on Ford is attached as Exhibit 1.

4. As more fully set out below, this case properly is removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal and because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

5. This case is a putative class action in which (1) there are 100 or more members in Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from a Defendant; and (3) the value of the claims of the proposed class members exceeds the sum or value of $5 million in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

### A. <u>The Putative Class Consists of More than 100 Members.</u>

6. In the Complaint, Plaintiff purports to represent a class consisting of "all California residents who purchased or leased Ford Mustangs for the model years 2005 through 2009." (Comp. at ¶ 13.)

7. Ford sold about 67,288 MY 2005-09 Mustangs to dealerships in California for sale or lease or consumers. (Exhibit 2 (Declaration of Mark Taylor ("Taylor Decl.") at ¶ 7).) Therefore, the number of class members in Plaintiff's proposed class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. <u>There is Minimal Diversity of Citizenship.</u>

8. At least one member of the proposed class is a resident of a state different than Ford. 28 U.S.C. § 1332(d)(2)(A).

9. Plaintiff alleges that she is a citizen of the State of California. (Comp. at ¶ 5(a).) Plaintiff purports to represent a class of "all California residents who

purchased or leased Ford Mustangs for the model years 2005 through 2009." (*Id.* at ¶ 13.)

10. Ford is, and was at the time Plaintiff commenced this action, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Michigan. (Taylor Decl. at ¶ 5.) Because Ford is not a citizen of California, there is diversity between proposed class members and Ford.

11. Thus, at least one proposed class member and one Defendant are diverse, and minimal diversity is established. 28 U.S.C. § 1332(d)(2)(A).

**C. <u>The Amount in Controversy Requirement is Satisfied.</u>**

12. The aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million in this case. 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6). Defendants dispute that the proposed class may be certified and/or that they are liable for any damages whatsoever to Plaintiff or to the proposed class. Nevertheless, Defendants can demonstrate that the aggregate amount in controversy in this case exceeds $5 million under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). This standard requires only that Defendants present "in the removal petition itself, the *underlying facts* supporting [their] assertion that the amount in controversy exceeds [$5 million]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original).

13. Plaintiff alleges that he purchased a 2005 MY Ford Mustang vehicle with a purported defect that causes water to leak into the interior cabin of the vehicle and to come into contact with electrical systems. (Comp. at ¶ 5(b) & (c); *see also id.* at ¶¶ 17, 18, 23.)

14. Plaintiff alleges a violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.*, and the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, *et. seq.* He alleges that he and putative class members were

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

monetarily injured because they "paid the price for a non-defective Ford Mustang vehicle, while receiving a vehicle worth less money as a result of the Design Defect." (Comp. at ¶ 34.) He seeks, among other things, an injunction ordering Ford to make "any and all necessary repairs to eliminate the Design Defect in all affected Ford Mustang vehicles." (Comp., Prayer for Relief on the First Claim for Relief, at ¶ b.)

15. Plaintiff does not allege a specific amount in controversy. Instead, he alleges that was informed that the repair was to periodically remove the roof, rear seats, and dismantle the rear of engine area to remove accumulations of debris that accumulates in the body panels which plugs the drainage holes that should remove rainwater. (Comp. at ¶ 26.) He alleges that such removal of the debris within the body panels costs about $500 each time it is done and that "Ford refuses to reimburse him for the cost." (*Id.*)

16. Plaintiff also seeks attorneys' fees, pursuant to Count II. (Comp. at ¶¶ 36, 44 & Prayer for Relief, ¶ d.)

17. Class membership is based on purchasing or leasing a Model Year 2005 through 2009 Ford Mustangs while a resident of California. (Comp. at ¶ 13.) The claims of these individual class members are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6).

18. That amount per class member is satisfied by Plaintiff's allegations that just one repair costs about $500. (Comp. at ¶ 26.) If only 10,000 of the 67,288 MY 2005-09 Mustangs sold to dealerships in California for sale or lease or consumers were sold or leased to California residents, the amount in controversy of $5,000,000 is met.

19. Plaintiff requests attorneys' fees, which also must be considered in determining the amount in controversy under CAFA. *See Guglielmino*, 506 F.3d at

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

700 ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees").

20. Attorneys' fees totaling 12.5% of total economic damages have been held to be a "conservative" estimate for purposes of determining whether the amount in controversy minimum is satisfied. *Guglielmino*, 506 F.3d at 698. Indeed, in California, courts have upheld attorneys' fees awards of up to 30%. *Staton v. Bowing Co.*, 327 F.3d 938, 969 (9th Cir. 2003) (25% of the common fund of disgorged money appropriate measure of attorneys' fees); *Chavez v. Netflix, Inc.*, 75 Cal. Rptr. 3d 413, 421 (Cal. Ct. App. 2008) (approving attorneys' fees of 21% of settlement amount, calculated by using lodestar method); *cf. In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period).

21. Assuming an even more conservative 10% of attorneys' fees, the amount in controversy of $5,000,000 is exceeded if only 9200 of the 67,288 MY 2005-09 Mustangs Ford sold to dealerships in California must have been sold or leased to California residents.

22. It is very likely that the overwhelming majority of the 67,288 MY 2005-09 Mustangs were sold or leased to California residents. If only half of these vehicles were sold or leased to California residents (33,644 Mustangs), and assuming attorneys fees of 10%, then $18,5404,200 is in controversy.

23. Plaintiff also alleges that Ford issued Technical Service Bulletins in July 2007 and December 2008 that address the purported "Design Defect." (Comp. at ¶¶ 24-25.)

24. TSB 08-26-7 provides a repair procedure in the event of a water leak in the front floor area of 2005-2009 MY Mustangs. (Taylor Decl. at ¶ 9.) The average cost for this procedure is about $465 per vehicle. (*Id.*)

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

25. Based on the cost of the repair procedure in TSB 08-26-7, and assuming a conservative 10% attorneys' fees, the amount in controversy of $5,000,000 is exceeded if only 9000 of the 67,288 MY 2005-09 Mustangs Ford sold to dealerships in California must have been sold or leased to California residents.

26. It is very likely that the overwhelming majority of the 67,288 MY 2005-09 Mustangs were sold or leased to California residents. If only half of these vehicles were sold or leased to California residents (33,644 Mustangs), and assuming attorneys fees of 10%, then $17,208,906 is the amount in controversy as measured by the cost of the repair procedure in TSB 08-26-7.

27. Therefore, the amount in controversy is easily met based on Plaintiff's request for an order requiring Ford to "repair" all the vehicles.

**D. This Court Has Jurisdiction Over this Case Under CAFA.**

28. No statutory exception to CAFA jurisdiction applies in this case. *See generally* 28 U.S.C. §1332(d).

a. Section 1332(d)(4)(A) (known as the "local controversy exception") does not apply because, among other reasons, Ford is not a California citizen. This means that (1) the defendant is not a defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of California.

b. Section 1332(d)(4)(b) (the "home state exception") does not apply because, among other reasons, Ford is not a California citizen.

c. Section 1332(d)(3) (the "interests of justice" exception) requires that "the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3). This exception to jurisdiction does not apply because, among other reasons, Ford is not a California citizen.

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

29. Therefore, because there are 100 or more members in Plaintiff's proposed class; at least some members of the proposed class have a different citizenship from a Defendant; and the value of the claims of the proposed class members exceeds the sum or value of $5 million in the aggregate, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

30. This Notice of Removal is filed within thirty days of September 7, 2010, the date on which Ford was first served with the Complaint and summons. Thus, it is timely filed.

31. This action is not one described in 28 U.S.C. § 1332 or § 1453 as being non-removable.

32. Venue is proper because the Superior Court of the State of California, Los Angeles County, is located in the Central District of California.

33. Pursuant to 28 U.S.C. § 1446(a), a copy of all other process, pleadings, and orders in this action, which papers include the docket sheet of the state court action, is attached as Exhibit 3 to this Notice of Removal.

34. Ford will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, Los Angeles County, and serve a copy upon counsel for Plaintiff.

35. Pursuant to Fed. R. Civ. P. 81(c), Ford will file its answer or present its other defenses or objections available under the Federal Rules within seven days after the filing of this Notice of Removal or it will obtain an extension of time to file such pleadings.

Dated: Sept 23, 2010

SNELL & WILMER L.L.P.

By: [signature]
Warren E. Platt
Robert J. Gibson
Alina Amarkarian
Attorneys for Defendant
FORD MOTOR COMPANY

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

# Exhibit 1

CT Corporation

**Service of Process Transmittal**
09/07/2010
CT Log Number 517235966

**TO:** Chris Dzbanski
Ford Motor Company
WHQ 433-E3, One American Road
Dearborn, MI 48126

**RE:** **Process Served in California**

**FOR:** Ford Motor Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas Wise, on behalf of all other similarly situated, Pltf. vs. Ford Motor Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Notice, Instructions, Attachment(s), Cover Sheet Addendum, Cover Sheet, Minutes Entered |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Hill Street, CA<br>Case # BC444288 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Class Action - 2005 Ford Mustang - Defendant failed to repair various defects |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/07/2010 at 14:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Mike Arias<br>Arias, Ozzello & Gignac, LLP<br>6701 Center Drive West<br>Suite 1400<br>Los Angeles, CA 90045<br>310-670-1600 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 791605599858<br>Image SOP<br>Email Notification, Chris Dzbanski CDZBANSK@FORD.COM |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

9·7·10
2:40p

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)

CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court

AUG 23 2010

John A. Clarke, Executive Officer/Clerk
By AMBER LaFLEUR-CLAYTON, Deputy

**NOTICE TO DEFENDANT:** FORD MOTOR COMPANY, a Delaware
***(AVISO AL DEMANDADO):*** corporation; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:** THOMAS WISE, on behalf
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** of himself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER: *(Número del Caso):* BC444288

Los Angeles Superior Court- Central District
111 North Hill St.
111 North Hill St.
Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MIKE ARIAS, ESQ. (CSB #115385) (310) 670-1600 (310) 670-1231
MIKAEL H. STAHLE, ESQ. (CSB #182599)
ARIAS OZZELLO & GIGNAC, LLP
Los Angeles, California 90045

DATE: *(Fecha)* JOHN A. CLARKE, CLERK Clerk, by *(Secretario)* AMBER LaFLEUR-CLAYTON, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] AUG 23 2010

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: FORD MOTOR COMPANY, A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Mike Arias, Esq. (State Bar No. 115385)
marias@aogllp.com
Mikael H. Stahle, Esq. (State Bar No. 182599)
mstahle@aogllp.com
Denis M. Delja, Esq. (State Bar No. 256126)
dmdelja@aogllp.com
Samantha A. Smith, Esq. (State Bar No. 233331)
ssmith@aogllp.com
**ARIAS, OZZELLO & GIGNAC, LLP**
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
Telephone: (310) 670-1600
Facsimile: (310) 670-1231

Kenneth M. Lipton (State Bar No. 82342)
kenlipton998431@aol.com
**LAW OFFICES OF KENNETH M. LIPTON**
5900 Sepulveda Boulevard, Suite 400
Van Nuys, California 91411
Telephone: (818) 780-3562
Facsimile: (818) 780-9038

Attorneys for Class Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 23 2010

John A. Clarke, Executive Officer/Clerk
By ________ Deputy
[illegible]

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

THOMAS WISE, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10,

Defendant.

Case No. BC444288

**CLASS ACTION**

**COMPLAINT**

1. **UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES [CAL. BUS. & PROF. CODE §§ 17200, *et seq.*]**

2. **UNFAIR AND DECEPTIVE BUSINESS PRACTICES [CAL. CIV. PROC. CODE §§ 1750, *et seq.*]**

**DEMAND FOR JURY TRIAL**



ARIAS, OZZELLO & GIGNAC, LLP

ARIAS, OZZELLO & GIGNAC, LLP

## NATURE OF ACTION

1. This action arises from Defendant's marketing, distribution, and sale of Ford Mustang vehicles with a dangerous design defect that causes water (1) to leak into the interior cabin of the vehicle and (2) to come into contact with electrical systems causing electrical malfunctions that threaten the safety of drivers and passengers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to CAL. CIV. PROC. CODE §410.10. The action is brought pursuant to CAL. CIV. PROC. CODE §1781 *et seq.* and the procedural provisions of Rule 23 of the Federal Rules of Civil Procedure.

3. Plaintiff brings this action on her own behalf and on behalf of all persons within the PLAINTIFF CLASS defined herein.

4. Venue is proper in this Court pursuant to CAL. CIV. PROC. CODE §§395 and 395.5 because the harm to the persons complained of herein occurred in the County of Los Angeles and because Defendant conducts public business in the County of Los Angeles.

## THE PARTIES

5. Plaintiff Thomas Wise ("PLAINTIFF") is, and at all relevant times herein mentioned was:

a. a citizen of the State of California;

b. a consumer who owned a 2005 Ford Mustang vehicle with a dangerous design defect that causes water (1) to leak into the interior cabin of the vehicle and (2) to come into contact with electrical systems causing electrical malfunctions (sometimes hereinafter referred to as the "Design Defect") that compromised his safety and the safety of passengers; and

c. did not acquire knowledge of the Design Defect until in our around February, 2008.

6. Defendant FORD MOTOR COMPANY ("FORD") is incorporated under the laws of the State of Delaware and maintains its principal place of business in the State of

Michigan. FORD is the corporate entity responsible for the sales, marketing, service, distribution, import, and export of "Ford" branded vehicles, including the Ford Mustang, in the United States.

7. PLAINTIFF is unaware of the true names, identities and capacities of Defendants sued herein as DOES 1 through 10. PLAINTIFF will amend this Complaint to allege the true names and capacities of DOES I through 10 when ascertained. PLAINTIFF is informed and believes, and thereupon alleges, that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings set forth herein, and has proximately caused injuries and damages to PLAINTIFF as set forth below.

8. PLAINTIFF is informed and believes, and based thereupon alleges, that each of the Defendants, including DOES 1 through 10, was the agent, ostensible agent, servant, representative, associate, borrowed servant, employee and/or joint venturer of each other Defendant, and at all relevant times was acting in the course and scope of such agency, service, employment and/or joint venture, and with the consent, permission and/or ratification of the co-defendants, and each of them. Upon further information and belief each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring and supervision of each and every Defendant as agent, servant, employee and/or joint venturer.

9. In undertaking the actions set forth in this Complaint, the Defendants, and each of them, acted in furtherance of a conspiracy to disadvantage, damage, defraud and injure PLAINTIFF and other consumers.

10. Other co-conspirators are not presently known or named as Defendants in this Complaint, but such persons conspired with the named Defendants to violate the laws of California as alleged in this Complaint, and all such Defendants and persons made statements and performed overt acts in furtherance of the unlawful conspiracy.

11. At all times set forth herein, the acts and omissions of each Defendant caused, led and/or contributed to the various acts and omissions of each and all of the other Defendants, legally causing PLAINTIFF's injuries and damages as set forth.

ARIAS, OZZELLO & GIGNAC, LLP

ARIAS, OZZELLO & GIGNAC, LLP

12. All Defendants are hereinafter collectively referred to as "FORD."

## CLASS ACTION ALLEGATIONS

13. The PLAINTIFF CLASS consists of all California residents who purchased or leased Ford Mustangs for the model years 2005 through 2009.

14. Plaintiff submits that the Class defined herein may be divided, in the Court's discretion, into subclasses.

15. This action has been brought and may properly be maintained on behalf of the PLAINTIFF CLASS pursuant to CAL. CIV. PROC. CODE §382 and the provisions of Rule 23 of the Federal Rules of Civil Procedure.

16. FORD has sold or leased tens of thousands of the affected Ford Mustang vehicles in the United States, including many thousands of sales or leases within California. Accordingly, members of the PLAINTIFF CLASS are so numerous that their individual joinder in this action is impracticable. Class members may be notified of the pendency of this action by mail, supplemented by published notice if deemed necessary or appropriate by the Court.

17. Common questions of law and fact exist as to all members of the PLAINTIFF CLASS and predominate over questions affecting only individuals. These common questions include the following:

(a) Whether the affected Ford Mustang vehicles suffer from a dangerous design defect that causes water (1) to leak into the interior cabin of the vehicle and/or (2) to come into contact with electrical systems causing electrical malfunctions;

(b) Whether the defect constitutes an unreasonable safety risk;

(c) Whether FORD is aware of the defect;

(d) When FORD first became aware of the defect;

(e) Whether FORD had a duty to notify owners and lessees of the affected Ford Mustang vehicles about the presence of the defect;

(f) Whether FORD failed to notify owners and lessees of the affected Ford Mustang vehicles about the presence of the defect;

(g) Whether FORD had a duty to disclose the defect to prospective purchasers or lessees of the affected Ford Mustang vehicles;

(h) Whether FORD failed to disclose the defect to prospective purchasers or lessees of the affected Ford Mustang vehicles;

(i) Whether FORD made or issued misleading statements about the existence of the defect;

(j) Whether FORD had a policy of refusing to reimburse consumers whose affected Ford Mustang vehicles experienced water (1) to leak into the interior cabin of the vehicle and/or (2) to come into contact with electrical systems causing electrical malfunctions for the costs of repairing their damaged property;

(k) Whether FORD breached the express warranty when they sold the affected Ford Mustang vehicles;

(l) Whether FORD has engaged in unlawful, unfair, and/or fraudulent business practices in violation of the California Unfair Competition Law, CAL. BUS.& PROF. CODE §17200, *et seq.*, as alleged in this Complaint;

(m) Whether FORD has violated the California Consumer Legal Remedies Act, CAL. CIV. PROC. CODE §1750, *et seq.*, as alleged in this Complaint; and

(n) Whether PLAINTIFF and the PLAINTIFF CLASS are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction.

18. PLAINTIFF's claims are typical of the claims of the PLAINTIFF CLASS, because, among other things, PLAINTIFF is the owner of a 2005 Mustang that contains the dangerous design defect that causes water (1) to leak into the interior cabin of the vehicle and (2) to come into contact with electrical systems causing electrical malfunctions.

19. PLAINTIFF is an adequate representative of the PLAINTIFF CLASS because his interests do not conflict with the interests of the members of the class he seeks to represent;



ARIAS, OZZELLO & GIGNAC, LLP

PLAINTIFF has retained counsel competent and experienced in complex class action litigation, and PLAINTIFF intends to prosecute this action vigorously. The interests of members of the class will be fairly and adequately protected by PLAINTIFF and his counsel.

20. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against FORD economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing multiple actions arising from the defect in the affected Ford Mustang vehicles, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

21. Additionally, the PLAINTIFF CLASS may be certified because:

(a) The litigation of separate actions by the individual members of the PLAINTIFF CLASS creates a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for FORD;

(b) Adjudication with respect to individual members of the PLAINTIFF CLASS which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests; and

(c) FORD has acted or refused to act on grounds generally applicable to the PLAINTIFF CLASS, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the PLAINTIFF CLASS as a whole.

ARIAS, OZZELLO & GIGNAC, LLP

**BACKGROUND ALLEGATIONS**

22. FORD manufactures, markets, distributes, and sells Ford Mustang vehicles to consumers throughout the United States, including California.

23. On or about September 22, 2006, PLAINTIFF purchased and became the owner of a 2005 Ford Mustang. In or about February, 2008, he discovered that rainwater leaked into the passenger compartment under the dashboard every time he drove the vehicle in inclement weather. This condition continues to this day and has caused and continues to cause severe flooding of, and damage to, the interior of the vehicle. Upon leaking into the vehicle, the rainwater also comes into contact with electrical systems, creating a dangerous condition that threatens to disrupt and cause damage to such systems, including without limitation fire and the failure of such systems while driving.

24. In or about July, 2007, FORD issued a Technical Service Bulletin (TSB) in which FORD acknowledged the existence of the Design Defect in Ford Mustang vehicles of the model years 2005 through 2008.

25. In or about December, 2008, FORD issued another TSB in which it acknowledged the existence of the Design Defect in Ford Mustang vehicles of an additional model year, namely 2009.

26. In or about August of 2009, PLAINTIFF took his vehicle to Ford of Santa Monica, Inc. (dba Santa Monica Ford), located at 1230 Santa Monica Blvd. in Santa Monica, California and asked to have the condition repaired. He was told, however, that there is no permanent fix for the problem which requires periodic removal of the roof and back seats and the dismantling of the rear of the engine area in order to remove accumulations of debris within the body panels that plug the drainage holes that are supposed to drain the rainwater. He was told he would have to pay for this periodic removal of debris within the body panels at a rate of about $500 and that FORD refused to reimburse him for the cost.

///

///

///

ARIAS, OZZELLO & GIGNAC, LLP

**FIRST CLAIM FOR RELIEF**

**FOR UNLAWFUL, UNFAIR, AND**

**FRAUDULENT BUSINESS PRACTICES**

**[CAL. BUS. & PROF. CODE §§ 17200, *et seq.*]**

**(Against All Defendants)**

27. PLAINTIFF re-alleges, and incorporates by reference, each and every allegation contained in paragraphs 1 through 26.

28. PLAINTIFF brings this claim for relief on behalf of himself and the members of the PLAINTIFF CLASS.

29. FORD's business acts and omissions alleged herein constitute unlawful, unfair, and/or fraudulent trade practices, in violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE §17200, *et seq.*

30. FORD, as set forth in this Complaint, *supra*, engaged in unlawful, unfair, and fraudulent business practices, consisting of acts and omissions that include, but are not limited to:

a. Fraudulent concealment of material facts, when FORD had an affirmative duty to disclose those facts to consumers, including PLAINTIFF and the PLAINTIFF CLASS;

b. Failure to disclose to consumers that the affected Ford Mustang vehicles contain a dangerous design defect that causes water (1) to leak into the interior cabin of the vehicle and (2) to come into contact with electrical systems causing electrical malfunctions;

c. Failure to truthfully respond to inquiries by consumers, including PLAINTIFF and the PLAINTIFF CLASS, about the Design Defect;

d. Violating the Consumer Legal Remedies Act, CAL. CIV. PROC. CODE §1750, *et seq.*; and

e. Disseminating false and misleading statements regarding the Design Defect.

31. As a direct and proximate result of these acts and omissions, PLAINTIFF and the PLAINTIFF CLASS are informed and believe, and based upon that information and belief allege, that FORD was able to unfairly compete with other automobile manufacturers.

32. PLAINTIFF and the PLAINTIFF CLASS are informed and believe, and based upon that information and belief allege, that FORD performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring PLAINTIFF, the PLAINTIFF CLASS, other competitors, and the general public.

33. The benefit to FORD in obtaining higher profits is outweighed by the immoral, unethical, oppressive, unscrupulous, and substantially injurious practice of marketing and selling vehicles equipped with the Design Defect. Had FORD honestly disclosed its practices, consumers, including PLAINTIFF and the PLAINTIFF CLASS, would have had the opportunity to freely choose another vehicle.

34. PLAINTIFF and the PLAINTIFF CLASS suffered monetary injury in fact as a direct result of FORD's wrongful conduct. Specifically, PLAINTIFF and the PLAINTIFF CLASS suffered monetary injury when they paid the price for a non-defective Ford Mustang vehicle, while receiving a vehicle worth less money as the result of the Design Defect.

35. As a result of FORD's unlawful, unfair, fraudulent, and/or deceptive acts and/or omissions, the unlawful profits there from will not be completely and fully restored to the rightful owners without equitable orders of injunction and restitution, as properly determined pursuant to statute, including CAL. BUS. & PROF. CODE § 17203, and other applicable law.

36. PLAINTIFF and the PLAINTIFF CLASS are entitled to equitable relief, including disgorgement of all profits FORD earned because of its unlawful, unfair, and fraudulent practices, attorneys' fees and costs, and declaratory relief.

37. Pursuant to California Business & Professions Code § 17203, PLAINTIFF and the PLAINTIFF CLASS seek a judicial order directing FORD to notify all identifiable owners and lessees of the affected Ford Mustang vehicles; and to make a full and complete disclosure to potential purchasers or lessees of the affected Ford Mustang vehicles.

**SECOND CLAIM FOR RELIEF**

**FOR VIOLATION OF CONSUMER LEGAL REMEDIES ACT**

**[CAL. CIV. CODE §§ 1750, *et seq.*]**

**(Against All Defendants)**

38. PLAINTIFF re-alleges, and incorporates by reference, each and every allegation contained in paragraphs 1 through 37.

39. PLAINTIFF brings this claim for relief on behalf of himself and the members of the PLAINTIFF CLASS.

40. FORD is a "person" as defined by section 1761(c) of the CAL. CIV. PROC. CODE, and PLAINTIFF and each member of the PLAINTIFF CLASS are a "consumer," as defined by section 1761(d) of the CAL. CIV. PROC. CODE.

41. The affected Ford Mustang vehicles are "goods," as defined by section 1761(a) of the California Civil Code, and the sale or lease of the affected Ford Mustang vehicles to PLAINTIFF and the members of the PLAINTIFF CLASS constitute a "transaction," as defined by section 1761(e) of the California Civil Code.

42. FORD, as set forth in this Complaint, *supra*, engaged in practices proscribed under the Consumers Legal Remedies Act by, among other things: (a) representing that the affected Ford Mustang vehicles have characteristics, uses, or benefits that they do not have; (b) representing that the affected Ford Mustang vehicles were of a particular standard or quality, when in fact they were of a lesser standard or quality; (c) advertising the affected Ford Mustang vehicles with the intent not to sell them as advertised; and (d) representing that the affected Ford Mustang vehicles were been supplied in accordance with a previous representation when they were not.

43. FORD further violated the Consumers Legal Remedies Act by failing to disclose to potential purchases or lessees of the affected Ford Mustang vehicles that they contained the Design Defect. PLAINTIFF and the members of the PLAINTIFF CLASS would not have purchased or leased the affected Ford Mustang vehicles if FORD had adequately disclosed information about the Design Defect.



ARIAS, OZZELLO & GIGNAC, LLP

44. Pursuant to the provisions of CAL. CIV. PROC. CODE §1780, PLAINTIFFS and the PLAINTIFF CLASS seek an order enjoining FORD from the unlawful practices described herein, a declaration that FORD's conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against FORD as follows:

ON ALL CLAIMS FOR RELIEF

a. For certification of the PLAINTIFF CLASS defined herein and appointment of PLAINTIFF and his counsel to represent the PLAINTIFF CLASS;

b. For declaratory relief;

c. For an Order enjoining FORD from continuing the unlawful, unfair, and fraudulent practices described herein; and

d. For attorney's fees and costs of suit in an amount yet to be ascertained.

ON THE FIRST CLAIM FOR RELIEF

a. For an Order awarding PLAINTIFF and the PLAINTIFF CLASS restitution, disgorgement of profits, or other equitable relief as the Court deems proper; and

b. For temporary and permanent injunctive relief, including an Order compelling Defendant to:

1) make a full and complete disclosure of the Design Defect to all identifiable owners and lessees of the affected Ford Mustang vehicles;

2) make a full and complete disclosure of the Design Defect to potential purchasers or lessees of the affected Ford Mustang vehicles; and

3) make any and all necessary repairs to eliminate the Design Defect in all affected Ford Mustang vehicles.

///

///

///

///



ARIAS, OZZELLO & GIGNAC, LLP

ARIAS, OZZELLO & GIGNAC, LLP

ON THE SECOND CLAIM FOR RELIEF

a. For the reasonable attorneys' fees and expenses incurred by PLAINTIFF in connection with the commencement and prosecution of this action pursuant to CAL. CIV. PROC. CODE § 1780(d).

Dated: August 23, 2010

ARIAS OZZELLO & GIGNAC LLP

By: ______________________

MIKE ARIAS
MIKAEL H. STAHLE
DENIS M. DELJA
SAMANTHA A. SMITH

Kenneth M. Lipton
**LAW OFFICES OF KENNETH M. LIPTON**

Attorneys for Class Plaintiff

ARIAS, OZZELLO & GIGNAC, LLP

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: August 23, 2010

**ARIAS OZZELLO & GIGNAC LLP**

By: ______________________

MIKE ARIAS
MIKAEL H. STAHLE
DENIS M. DELJA
SAMANTHA A. SMITH

Kenneth M. Lipton
**LAW OFFICES OF KENNETH M. LIPTON**

Attorneys for Class Plaintiff

# Exhibit 2

Robert J. Gibson (#144974)
hgibson@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
714.427.7000
714.427.7799, fax

Attorneys for Defendant
FORD MOTOR COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS WISE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Civil Action No.<br><br>**DECLARATION OF MARK K. TAYLOR** |

I, Mark K. Taylor, declare as follows:

1. I am more than 18 years old and competent to make this declaration.

2. The facts stated in this declaration are based upon my personal knowledge and/or on records maintained in the ordinary course of business by Ford Motor Company ("Ford").

3. I am currently employed by Ford as a Design Analysis Engineer. I have been employed by Ford since 1988.

4. I have reviewed the complaint filed by Plaintiff Thomas Wise filed in the Superior Court for Los Angeles County, California titled "*Thomas Wise, on behalf of and all others similarly situated. v. Ford Motor Company, and Does 1 through 10*," Docket No. BC444288.

5. Ford is incorporated in the State of Delaware. Ford's principal place of business is in the State of Michigan.

6. Ford assembles and manufactures Model Year 2005 through 2009 Ford Mustang vehicles, and sells them to independent dealerships in various states.

7. Ford sold about 67,288 Model Year 2005 through 2009 Ford Mustang vehicles to independent dealerships located in California.

8. A true and correct copy of TSB 08-26-7 is attached hereto as Exhibit A.

9. TSB 08-26-7 provides a repair procedure in the event of a water leak in the front floor area in 2005-2009 MY Mustangs. The average cost for this procedure is about $465 per vehicle.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on this 17th day of September, 2010

Mark K. Taylor

Mark K. Taylor

# Exhibit A

| WATER LEAK—FRONT FLOOR AREA | TSB 08-26-7 |
|---|---|

**FORD:**
2005-2009 Mustang

This article supersedes TSB **07-14-6** to update the model years, part list and service procedure.

## ISSUE

Some 2005-2009 Mustang vehicles may exhibit a difficult to diagnose water leak in the front floor area. This may be caused by loose grommets and/or sealer skips around the cowl area, loose A-pillar window weatherstrip retainer, misaligned body harness grommet through the firewall, misaligned body harness grommet from the passenger door.

## ACTION

Follow the Service Procedure steps to correct the condition.

### SERVICE PROCEDURE

**NOTE**
DO NOT REMOVE THE DASH OR THE DASH INSULATOR AT ANY TIME DURING THIS PROCEDURE.

**Water Leak Testing Procedure**

1. To pressurize the cabin open trunk and remove the floor carpet. Remove the plastic tail panel cover. Remove side carpet push pins and move the carpet aside. Locate the body vents in the lower rear corners of the trunk (rear of wheel wells) and tape them off. Close the trunk. Place the blower motor on high. Turn air recirculation to off mode. Close windows and doors. Open the hood and spray soapy water along body seams / grommets, particularly around the A-pillar / fender and hood hinge area, and check for bubbles.

**NOTE**
DO NOT REMOVE COWL GROMMETS DURING WATER TESTING. (FIGURE 7 AT END OF ARTICLE)

2. Using a garden hose equipped with a shower head attachment, or similar device, run water onto the vehicle being sure to direct water over the roof ditch moldings, side window weather strips, and windshield / cowl panel area. While water is being applied to the vehicle, have an assistant inside the vehicle verifying the location of the water intrusion.

**Water Leak Inspection / Repair Procedure**

Inspect the following areas for visible signs of leaks and follow the appropriate repair steps.

1. Verify that the plastic cowl panel grill is evenly seated against the windshield and not warped. If warped, replace with current service stock.
2. Remove the cowl panel grill. Refer to Workshop Manual (WSM), Section 501-02, and inspect for proper cowl panel mount grommet installation and pinch weld sealing. Water may enter the cowl channel, through the cowl panel grommets / seals or forward pinch weld, potentially causing a sloshing sound and/or water leaking down the dash kick panel area. If there is standing water in the cowl channel, remove by siphoning through a cowl panel mount grommet hole. (Figures 7-8 - end of article)
3. Verify that the ten (10) cowl panel mount grommets and seals are installed and sealing tightly to the vehicle. If any are missing, or the seals are damaged, replace as necessary. (Figure 1)

**NOTE:** The information in Technical Service Bulletins is intended for use by trained, professional technicians with the knowledge, tools, and equipment to do the job properly and safely. It informs these technicians of conditions that may occur on some vehicles, or provides information that could assist in proper vehicle service. The procedures should not be performed by "do-it-yourselfers". Do not assume that a condition described affects your car or truck. Contact a Ford, Lincoln, or Mercury dealership to determine whether the Bulletin applies to your vehicle. Warranty Policy and Extended Service Plan documentation determine Warranty and/or Extended Service Plan coverage unless stated otherwise in the TSB article. The information in this Technical Service Bulletin (TSB) was current at the time of printing. Ford Motor Company reserves the right to supercede this information with updates. The most recent information is available through Ford Motor Company's on-line technical resources.

Copyright © 2008 Ford Motor Company Online Publication Date December 15, 2008 

## TSB 08-26-7 (Continued)




Figure 1 - Article 08-26-7

a. Remove old cowl grommets and clean entire cowl surface with a suitable wax and grease remover. If silicone and/or seam sealer was used to seal grommets, ensure all sealer is removed before installing new grommets.

b. With surface clean and prepped, snap the hot melt cowl grommet into cowl panel.

c. Using a suitable heat gun, heat the hot melt cowl grommet until the hot melt material begins to squeeze out from under the plastic grommet. Do not over heat the grommet because deformation of the plastic grommet may occur.

d. After heating the grommets, a light amount of pressure may be applied to the outer perimeter of the grommet to help sealing.

e. Do not over heat around windshield or fender edges or damage may result.

**NOTE**
HEAT SEALED GROMMETS WERE USED IN PRODUCTION STARTING WITH VEHICLES BUILT ON 9/4/2008.

4. Inspect the cowl panel to bulk head pinch weld and A-Post to cowl joint for any skips in seam sealer or excessive gaps between panels.

   a. To ensure a water tight seal, apply a small amount of Motorcraft Seam Sealer to the pinch weld and work into seam with fingertip, leaving a small amount on the edge, especially near the windshield center bracket area. (Figure 2)




Figure 2 - Article 08-26-7

**NOTE**
DO NOT USE SILICONE.

5. Check the main body wiring harness grommet for proper seating into the bulkhead on the driver / passenger side.

   a. Position the grommet into the bulkhead making sure the grommet is fully seated and sealed. If there is any aftermarket wiring installed through the grommet, reroute and seal as necessary. To ensure proper sealing around the wiring harness grommet, apply a small amount of Motorcraft Seam Sealer and install the grommet. (Figure 3)




Figure 3 - Article 08-26-7

6. Verify that the door to the A-pillar wiring harness grommet is fully seated into the A-pillar.

   a. To ensure proper sealing around the wiring harness grommet, apply a small amount of Motorcraft Seam Sealer and install the grommet into the A-pillar. (Figure 4)




Figure 4 - Article 08-26-7

7. Remove and inspect the foam seal of window weatherstrip retainer at the A-pillar. Tears in the foam seal may allow water to enter the vehicle, between window weatherstrip retainer and the A-Pillar, and travel inside the interior A-Pillar trim molding into the dash kick panel area. (Figure 5)




Figure 5 - Article 08-26-7

   a. Replace window weatherstrip retainer, if foam seal is damaged. (Figure 6)




Figure 6 - Article 08-26-7

   b. Assemble other trim as required.

8. If no leaks are found in these areas, refer to WSM, Section 501-00 for water leak diagnostics.

| PART NUMBER | PART NAME |
|---|---|
| 9R3Z-63517C58-A | Retainer-Cowl Panel |
| 9R3Z-6351238-A | Retainer-Weather Right Side |
| 9R3Z-6351239-A | Retainer-weather Left Side |
| TA-2 | Motorcraft Seam Seal |

**WARRANTY STATUS:** Eligible Under Provisions Of New Vehicle Limited Warranty Coverage IMPORTANT: Warranty coverage limits/policies are not altered by a TSB. Warranty coverage limits are determined by the identified causal part.

| OPERATION | DESCRIPTION | TIME |
|---|---|---|
| MT082607 | Use SLTS Operations If Available; Claim Additional Diagnosis Or Labor Performed As Actual Time | Actual Time |

**DEALER CODING**

| BASIC PART NO. | CONDITION CODE |
|---|---|
| 63517C58 | 07 |




Figure 7 - Article 08-26-7




Figure 8 - Article 08-26-7

# Exhibit 3

# Case Summary

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Case Number:** BC444288
THOMAS WISE VS FORD MOTOR COMPANY

**Filing Date:** 08/23/2010
**Case Type:** Other Commercial/Business Tort (General Jurisdiction)
**Status:** Pending

---

**Future Hearings**
None

---

Documents Filed | Proceeding Information

**Parties**

ARIAS MIKE M. ESQ. - Attorney for Plaintiff/Petitioner

DOES 1 THROUGH 10 - Defendant/Respondent

FORD MOTOR COMPANY - Defendant/Respondent

LIPTON KENNETH M. - Attorney for Plaintiff/Petitioner

WISE THOMAS - Plaintiff/Petitioner

---

Case Information | Party Information | Proceeding Information

Please make a note of the Case Number.

Click here to access document images for this case.
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page.

**Documents Filed** (Filing dates listed in descending order)

**08/23/2010** Complaint

---

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**09/02/2010** at 08:30 am in Department 324, Emilie H. Elias, Presiding
Court Order - **Court makes order**

---

Case Information | Party Information | Documents Filed | Proceeding Information

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**

Case Number BC444288

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Elihu M. Berle | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| | Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| | Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Conrad Aragon | 49 | 509 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| | Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Kevin C. Brazile | 20 | 310 | | Hon. John P. Shook | 53 | 513 | |
| | Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Mary Ann Murphy | 25 | 317 | | Hon. Jane L. Johnson | 56 | 514 | |
| | Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. John A. Kronstadt | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| | Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| | Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| | Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| | Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | 324 | CCW | X |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| | Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

***Class Actions**

All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ______________ JOHN A. CLARKE, Executive Officer/Clerk

By ________________________, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

**Party Select Panel** The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office

| SHORT TITLE: WISE V. FORD MOTOR COMPANY | CASE NUMBER BC444288 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [X] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 21 [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Auto Tort | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [X] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: WISE V. FORD MOTOR COMPANY | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: WISE V. FORD MOTOR COMPANY | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: WISE V. FORD MOTOR COMPANY | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | | ADDRESS: |
|---|---|---|---|
| ☒1. ☒2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | 818 W 7TH ST. |
| CITY: LOS ANGELES | STATE: CA | ZIP CODE: 90017 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Los Angeles Superior Court courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: August 23, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)
Attorney for Class Plaintiff

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MIKE ARIAS, ESQ. (CSB #115385)
MIKAEL H. STAHLE, ESQ. (CSB #182599)
ARIAS OZZELLO & GIGNAC, LLP
6701 Center Drive West, Suite 1400
Los Angeles, California 90045
TELEPHONE NO.: (310) 670-1600 FAX NO.: (310) 670-1231
ATTORNEY FOR (Name): Class Plaintiff

FOR COURT USE ONLY

CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court

AUG 23 2010

John A. Clarke, Executive Officer/Clerk
By ______, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS: 111 North Hill St.
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: WISE V. FORD MOTOR COMPANY

# CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC444288
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [X] Large number of separately represented parties
 b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [X] Substantial amount of documentary evidence
 d. [X] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Two (2)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: August 23, 2010
MIKE ARIAS
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice— Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/02/10 — DEPT. 324

HONORABLE EMILIE H. ELIAS JUDGE — A. MORALES DEPUTY CLERK

HONORABLE JUDGE PRO TEM — ELECTRONIC RECORDING MONITOR

NONE Deputy Sheriff — NONE Reporter

8:30 am BC444288

THOMAS WISE
VS
FORD MOTOR COMPANY

Plaintiff Counsel
Defendant Counsel

NO APPEARANCES

RECEIVED SEP 07 20[illegible]

DEEMED COMPLEX (09-02-10)

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes it determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge Carolyn B. Kuhl in Department 323 at the Central Civil West Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the initial status conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 323. No responsive pleadings may be filed. Parties may file a Notice of Appearance in lieu of an answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days from this date.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of



MINUTES ENTERED
09/02/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/02/10 DEPT. 324

HONORABLE EMILIE H. ELIAS JUDGE | A. MORALES DEPUTY CLERK

HONORABLE JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR

NONE Deputy Sheriff | NONE Reporter

8:30 am BC444288

THOMAS WISE
VS
FORD MOTOR COMPANY

Plaintiff Counsel
NO APPEARANCES
Defendant Counsel

DEEMED COMPLEX (09-02-10)

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 09-02-10 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: 09-02-10

John A. Clarke, Executive Officer/Clerk



MINUTES ENTERED
09/02/10
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 09/02/10 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC444288<br><br>THOMAS WISE<br>VS<br>FORD MOTOR COMPANY<br><br>DEEMED COMPLEX (09-02-10) | Plaintiff Counsel<br><br>Defendant Counsel | NO APPEARANCES |

**NATURE OF PROCEEDINGS:**

By: KIN HILAIRE
K. HILAIRE

ARIAS, OZZELLO & GIGNAC, LLP
Mike Arias, Esq.
6701 Center Drive West, Suite 1400
Los Angeles, California 90045



MINUTES ENTERED
09/02/10
COUNTY CLERK

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626-7689.

On Sept. 23 I served, in the manner indicated below, the foregoing document described as:

**FORD MOTOR COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| | |
|---|---|
| **PLAINTIFF COUNSEL** | Mike Arias, Esquire<br>Mikael H. Stahle, Esquire<br>Denis M. Delja, Esquire<br>Samantha A. Smith, Esquire<br>ARIAS, OZZELLO & GIGNAC, LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>310.670.1600<br>310.670.1231, fax<br>marias@aogllp.com<br>mstahle@aogllp.com<br>dmdelja@aogllp.com<br>ssmith@aogllp.com |
| **PLAINTIFF COUNSEL** | Kenneth M. Lipton, Esquire<br>LAW OFICES OF KENNETH M. LIPTON<br>5900 Sepulveda Boulevard, Suite 400<br>Van Nuys, California 91411<br>818.780.3562<br>818.780.9038, fax<br>Kenlipton998431@aol.com |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

☒ BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on Sept. 23, at Costa Mesa, California.

//s// Cheryl Wynn
Cheryl Wynn

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV10- 7127 R (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

**[X] Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

**[ ] Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

**[ ] Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Thomas Wise, on behalf of himself and all others similarly situated,

**DEFENDANTS**
Ford Motor Company

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Mike Arias, Esquire
ARIAS, OZZSELLO & GIGNAC LLP
6701 Center Drive Weset, Suite 1400
Los Angeles, California 90045
310.670.1600

Attorneys (If Known)
Robert J. Gibson, Esquire
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
714.427.7000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** ______

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1441(B) - diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10 7127

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**


American LegalNet, Inc. www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 9/23/2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



American LegalNet, Inc.
www.FormsWorkflow.com

Snell & Wilmer L.L.P. LAW OFFICES 600 Anton Boulevard, Suite 1400 Costa Mesa, California 92626-7689 (714) 427-7000

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626-7689.

On Sept. 23 I served, in the manner indicated below, the foregoing document described as:

**FORD MOTOR COMPANY'S CIVIL COVER SHEET**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| | |
|---|---|
| **PLAINTIFF COUNSEL** | Mike Arias, Esquire<br>Mikael H. Stahle, Esquire<br>Denis M. Delja, Esquire<br>Samantha A. Smith, Esquire<br>ARIAS, OZZELLO & GIGNAC, LLP<br>6701 Center Drive West, Suite 1400<br>Los Angeles, California 90045<br>310.670.1600<br>310.670.1231, fax<br>marias@aogllp.com<br>mstahle@aogllp.com<br>dmdelja@aogllp.com<br>ssmith@aogllp.com |
| **PLAINTIFF COUNSEL** | Kenneth M. Lipton, Esquire<br>LAW OFICES OF KENNETH M. LIPTON<br>5900 Sepulveda Boulevard, Suite 400<br>Van Nuys, California 91411<br>818.780.3562<br>818.780.9038, fax<br>Kenlipton998431@aol.com |

☒ BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. §1013(a)(3)).

☒ BY E-FILING: I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service

☒ FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on Sept 23, at Costa Mesa, California.

//s// Cheryl Wynn
Cheryl Wynn